IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv730
[ 3:01cr216]

| | |
|---|---|
| GERALD STEELE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **40-DAY ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's *pro se* Motion for Relief from Judgment Pursuant to Rule 60(b)(6).  On November 5, 2012, this court conducted an initial screening of petitioner Motion for Relief under Simmons (3:01cr216, #363) to the extent petitioner sought relief under 28, United States Code, Section 2255 by seeking to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Rule 4(b), Rules Governing § 2255 Proceedings.

**FINDINGS and CONCLUSIONS**

**I.    Petitioner's Arguments on the Motion to Reconsider**

Of substance, the court determined that petitioner had made a 21 U.S.C. § 841(b) sentencing enhancement claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  In the motion, petitioner contended that he received a sentencing enhancement based on a now non-qualifying North Carolina offense, to wit, that petitioner received an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a). Based on such finding, the

1

court concluded that petitioner had not asserted a colorable claim inasmuch as under United States v. Powell, 691 F.3d 554 (4th Cir. 2012), an enhanced minimum sentence under § 841(b)(1)(a) is a lawful sentence as it is within the unenhanced statutory maximum.

In support of his Rule 60 motion, petitioner contends that "four factors make[] for 'extraordinary circumstances' justifying setting aside the [Order]." Motion For Relief (#4) at 4. Petitioner contends that: (1) he is entitled to relief under Simmons; (2) that the court dismissed the action based on a statute of limitations defense that has not been raised by the government; (3) that the court failed to consider that there were "multiple paths to justice" and that the non-retroactivity of Powell did not show that he was not entitled to relief; and (4) that the court failed to observe that the government would be waiving defenses it might otherwise assert. Motion for Relief at 5. Petitioner's "factors" do not fairly reflect what this court held and the court will address them *seriatim*.

**II.    Consideration of Factors Raised by Petitioner**

First, petitioner is not entitled to § 2255 relief under Simmons. While the court has accepted as true (as it did initially) petitioner's argument that his sentence was enhanced based on a conviction that would no longer be an operable conviction for enhancement after Simmons, claim of receiving an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a) is not viable under the reasoning of Powell so long as the enhanced sentence is within the statutory maximum for the offense charged.

Second, petitioner is flatly mistaken when he asserts that this court dismissed his

2

Case 3:12-cv-00730-MOC   Document 5   Filed 03/20/13   Page 2 of 8

claim as untimely. Quite the opposite, the court specifically held "Petitioner has arguably asserted that jurisdiction exists under § 2255(f)(3), which may require further review if this matter were to move forward." This meant that petitioner made an arguable claim that his petition was timely and that such claim would be subject to further review only if the claim moved past initial screening.

Third, this court in no manner interpreted Powell as holding that Simmons was not retroactive. While other courts have come to different conclusions, it has been this court's position that Powell addressed only the retroactivity of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), not the retroactivity of the Fourth Circuit's later decision in Simmons. Indeed, this court has taken the position that the government may waive the statute of limitations under 28 U.S.C. § 2255 and that Simmons is retroactively applicable on collateral review and granted § 2255 relief.

Fourth, the court has not failed to observe that the government would be waiving defenses it might otherwise assert. As of this time, the court is keenly aware that the government is waiving the statute of limitations defense in some (but not all) cases where a pure Simmons claim is asserted, to wit, where a defendant is actually innocent of a Section 922(g)(1) conviction.

### III. Consideration of Developments Since Entry of the Screening Order

Since the Order was entered, the court has been advised that in cases under consideration by other judges in this court, the government has conceded in at least one case that a defendant who was sentenced to mandatory life imprisonment based on

3

Simmons barred enhancements is entitled to resentencing as such a sentence violates Due Process protections. See Benton v. United States, 5:11cv147 (W.D.N.C.), *Government's Response* (#7), citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

Generally, a petitioner may obtain relief from his sentence under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It follows that under § 2255 "relief is not limited to constitutional error in a conviction or sentence," United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir.1999), however, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." Id. at 495–96. In its brief in Benton, the government conceded, as follows:

> In light of Simmons, the Government concedes that this Court was erroneously deprived of discretion to sentence Petitioner below mandatory life in prison. In Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), the Supreme Court held that depriving a sentencing court of discretion under an erroneously applied statutory minimum violates the Due Process Clause. Id. at 346 (recognizing a due process violation where an Oklahoma jury was erroneously instructed that it had to impose a mandatory prison term in accordance with a statute that was declared unconstitutional). In light of this authority, Petitioner has stated a cognizable claim that his "sentence was imposed in violation of the Constitution," 28 U.S.C. §2255(a), and he is therefore entitled to relief.

4

Benton, 5:11cv147 (#7) at 5-6. Consistent with the position taken by the government in Benton, in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue." Id. at 741.

While the court in Benton has not ruled on the government's concession, such concession by the government has given the court some pause. From the outset, the government's Response in Benton does not attempt to distinguish prevailing case law in the Fourth Circuit, which has held:

> Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999); see also Powell, 691 F.3d at 563 n. 2 (King, J., dissenting in part and concurring in the judgment in part) (noting that career offenders do not receive sentences exceeding the applicable statutory maximum and thus "cannot rely on Carachuri to obtain § 2255 relief"). Consistent with Pregent and Powell, every case that this court has been able to find post-Powell has determined that a Simmons barred sentencing enhancement provides no basis for relief under § 2255 so long as such enhancement was within the statutory maximum. See McLeod v. United States, 2013 WL 831633 (E.D.N.C. March 6, 2013); Hargrove v. United States, 2013 WL 26588 (E.D.N.C. Jan. 2, 2013); Jones v. United States, 2012 WL

5

6738522 (E.D.N.C. Dec. 31, 2012); Hinton v. United States, 2012 WL 5835534 (E.D.N.C. Nov. 16, 2012); Dailey v. United States, 2012 WL 5471156 (E.D.N.C. Nov. 9, 2012); Ward v. United States, 2012 WL 5451260 (E.D.N.C. Nov. 7, 2012); Dudley v. United States, 2012 WL 5336218 (E.D.N.C. Oct. 26, 2012); Troy v. United States, 2012 WL 5077569 (D.S.C. Oct. 18, 2012); Barksdale v. United States, 2012 WL 5182995 (E.D.N.C. Oct. 18, 2012); Sanders v. United States, 2012 WL 5183569 (E.D.N.C. Oct. 18, 2012); and Jones v. United States, 2012 WL 4432675 (E.D.N.C. Sept. 24, 2012). While not explored by the government in Benton, the only distinction that is apparent between that case and other post-Powell cases such as this case is that Mr. Benton's mandatory minimum sentence was life imprisonment based on Simmons barred enhancements.

At this point, the court is no longer confident that petitioner has failed to assert an arguable claim. Therefore, the court will enter a new screening Order, as follows:

1. the petition has not been signed under penalty of perjury, Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Petitioner shall file an affidavit signed under penalty of perjury reaffirming the allegations contained in his petition within 14 days of receipt of this Order;

2. petitioner has arguably asserted that jurisdiction exists under § 2255(f)(3), which may require further review;

3. in accordance with § 2255(a), the court has conducted an initial screening, which reveals that petitioner has made a 21 U.S.C. § 841(b) sentencing enhancement

claim under Simmons, contending that he received a sentencing enhancement based on a now non-qualifying North Carolina offense, to wit, that petitioner received an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a). Based on briefs the government has filed in at least one other case in this district, the court now concludes that petitioner has asserted a colorable claim under Hicks v. Oklahoma, supra, and, perhaps, Townsend v. Burke, supra.[1]

4. The government will be required to file an Answer or other response to such claim within 40 days.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) petitioner's pro se Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (#4) is **DENIED** for the reasons herein stated, but granted based on the additional reasons discussed herein;

(2) within **40 Days**, the government shall Answer or otherwise respond to petitioner's claim of receiving an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a) that is within the statutory maximum, and if moving to dismiss, therein specifically address the concerns discussed herein.

---

1  Petitioner is advised that a "colorable claim" does not mean the court has determined that it is meritorious; rather, such determination only means that such claim merits a response from the government.

7

Signed: March 20, 2013

Max O. Cogburn Jr.
United States District Judge