# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv730
## [ 3:01cr216]

| | |
|---|---|
| GERALD STEELE, | ) |
| Petitioner, | ) |
| Vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on petitioner's *pro se* Motion for Relief from Judgment (#4). On November 5, 2012, this court conducted an initial screening of petitioner's initial Motion for Relief under Simmons (3:01cr216, #363) and dismissed such petition summarily, finding that petitioner's claim of receiving an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a) - - but which was within the statutory maximum - - failed to state a viable claim.

The court determined that petitioner had made a 21 U.S.C. § 841(b) sentencing enhancement claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In the motion, petitioner contended that he received a sentencing enhancement based on a now non-qualifying North Carolina offense, to wit, that petitioner received an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a). Based on such finding, the court concluded that petitioner had not asserted a colorable claim inasmuch as under United States v. Powell, 691 F.3d 554 (4th Cir. 2012), an enhanced minimum sentence under

1

§841(b)(1)(a) is a lawful sentence as it is within the unenhanced statutory maximum.

In support of his Rule 60 motion, petitioner contends that "four factors make[] for 'extraordinary circumstances' justifying setting aside the [Order]." Motion For Relief (#4) at 4. Petitioner contends that: (1) he is entitled to relief under Simmons; (2) that the court dismissed the action based on a statute of limitations defense that has not been raised by the government; (3) that the court failed to consider that there were "multiple paths to justice" and that the non-retroactivity of Powell did not show that he was not entitled to relief; and (4) that the court failed to observe that the government would be waiving defenses it might otherwise assert. Motion for Relief at 5. Petitioner's "factors" do not fairly reflect what this court held and the court will address them *seriatim*.

First, petitioner is not entitled to § 2255 relief under Simmons. While the court has accepted as true (as it did initially) petitioner's argument that his sentence was enhanced based on a conviction that would no longer be an operable conviction for enhancement after Simmons, claim of receiving an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a) is not viable under the reasoning of Powell so long as the enhanced sentence is within the statutory maximum for the offense charged.

Second, petitioner is mistaken when he asserts that this court dismissed his claim as untimely. Quite the opposite, the court specifically held "Petitioner has arguably asserted that jurisdiction exists under § 2255(f)(3), which may require further review if this matter were to move forward." This meant that petitioner made an arguable claim that his petition was timely and that such claim would be subject to further review only if

the claim moved past initial screening.

Third, this court in no manner interpreted Powell as holding that Simmons was not retroactive. While other courts have come to different conclusions, it has been this court's position that Powell addressed only the retroactivity of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), not the retroactivity of the Fourth Circuit's later decision in Simmons. Indeed, this court has taken the position that the government may waive the statute of limitations under 28 U.S.C. § 2255 and that Simmons is retroactively applicable on collateral review and granted § 2255 relief.

Fourth, the court has not failed to observe that the government would be waiving defenses it might otherwise assert. As of this time, the court is keenly aware that the government is waiving the statute of limitations defense in some (but not all) cases where a pure Simmons claim is asserted, to wit, where a defendant is actually innocent of a Section 922(g)(1) conviction.

Since the Order was entered, the court is aware that the government has conceded in some cases that a defendant whose sentence was increased on Simmons barred enhancements should be resentenced as such a sentence violates Due Process protections. See Benton v. United States, 5:11cv147 (W.D.N.C.), *Government's Response* (#7), citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

Generally, a petitioner may obtain relief from his sentence under § 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It follows that under § 2255 "relief is not limited to constitutional error in a conviction or sentence," United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir.1999), however, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." Id. at 495–96. In Townsend v. Burke, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue." Id. at 741.

To get to the constitutional issue, however, petitioner must file a timely petition. As made clear in the government's response to the instant motion seeking reconsideration, the government is not waiving the statute of limitations in this case. Instead, the government has asserted that petitioner's underlying motion is time barred.

Since more than one year has passed since petitioner's judgment became final, the court has first considered whether petitioner could assert a timely Simmons claim by invoking § 2255(f)(3), which provides that the one-year statute of limitations for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3); see

4

also Dodd v. United States, 545 U.S. 353, 357–58 (2005) (holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right). Assuming that the Fourth Circuit has held that Carachuri-Rosendo is retroactively applicable, the one-year period for filing a Simmons type claim ran one year from Carachuri-Rosendo, not Simmons or Powell. Put another way, by the time the right was recognized, the one year period available under §2255(f)(3) had already run.

Harsh results may be wrought under § 2255(f)(3) where a right is initially recognized by the Supreme Court, but not made retroactively applicable to cases on collateral review until a date well beyond the one year allowed under the statute. As the Court of Appeals for the Fourth Circuit has found, and as Circuit Judge Niemeyer explained in his concurring opinion in United States v. Mathur, 685 F.3d 396 (4th Cir. 2012):

> Of course, I recognize, as did the Supreme Court in *Dodd*, that such a construction of the language of § 2255(f)(3) would leave little room for the filing of § 2255 motions beyond the one-year limitations period provided in §2255(f)(1), since a court may not have made a new right retroactive within the one year after the Supreme Court recognized the right, as required by § 2255(f)(3). *See Dodd*, 545 U.S. at 359, 125 S.Ct. 2478. But if § 2255(f)(3) is to be read in the same manner as *Tyler* read § 2244(b)(2)(A), then this consequence would merely reflect the policy decision inherent in the statute. As the *Dodd* Court observed, "We must presume that the legislature says in a statute what it means and means in a statute what it says there." *Id.* at 357, 125 S.Ct. 2478 (internal quotation marks and alteration omitted). Explaining the narrow authority granted by § 2255(f)(3), the Court stated:
>
>> *Dodd* points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between [§§ 2255(h)(2) and 2255(f)(3)], an applicant who files a

5

> second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.... It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ [ (h) ](2) and [ (f) ](3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

*Id.* at 359–60, 125 S.Ct. 2478 (emphasis added).

> The consequence recognized by *Dodd* is indeed presented in the case before us, as no court has held that *Padilla* recognized a new right that is retroactively applicable to cases on collateral review within the year after *Padilla* recognized the right. Thus, even if Mathur could show that this court ought to apply *Teague* so as to make *Padilla* retroactive, it is not clear that § 2255(f)(3) would allow us to do so.

Id. at 403-404 (Niemeyer, C.J., concurring).

In certain cases, the government has exercised the discretion vested in the executive to waive its affirmative defenses under the statute of limitations and allow the constitutional issue to go forward. The government has declined to exercise its discretion in favor of petitioner in this case, and it is clear from the government's argument that such decision is a reason one. Thus, as the government argues, petitioner's claim is time barred, even under §2255(f)(3). There is, therefore, no basis for further considering or reconsidering the court's earlier Order dismissing petitioner's claim.

# ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's pro se Motion for Relief

from Judgment (#4) is **DENIED**, and the court reaffirms its earlier Order dismissing petitioner's Motion for Relief Under <u>Simmons</u> for the reasons therein stated and further for the reasons herein discussed.

Signed: May 9, 2013

Max O. Cogburn Jr.
United States District Judge